UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN PATRICK HARDY, <br><br> Plaintiff, <br><br> v. <br><br> ARIF SHAIKH, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:18-CV-01707 <br><br> (MEHALCHICK, M.J.) |

**MEMORANDUM**

Presently before the Court is Plaintiff Steven Patrick Hardy's ("Hardy") Motion to Amend/Correct filed on August 8, 2020, (the "Motion") in which Hardy seeks to amend his original Complaint. (Doc. 61). The original Complaint was filed on August 28, 2018. (Doc. 1). As discussed *infra,* the Court construes Hardy's Motion to Amend, in part, as a motion to supplement.

In his proposed amended complaint, Hardy seeks to add more detail to the allegations in the original Complaint and also add claims of retaliation and assault that occurred after the filing of the original pleading, as well as multiple new defendants. (Doc. 61, at 1-3; Doc. 62, at 8). At the time he filed the original Complaint, Hardy was incarcerated at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"), located in Somerset County, Pennsylvania. (Doc. 1, at 3). The incidents giving rise to the claims in the original Complaint occurred at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"), located in Cumberland County, Pennsylvania. (Doc. 1, at 2).

**I.    PROCEDURAL HISTORY**

On August 28, 2018, Plaintiff initiated this action by filing a Complaint alleging claims pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331, 1343(a)(3), 1343(a)(4), and 1367(a). (Doc. 1, at 2). The identified Defendants in the original Complaint are Arif Shaikh ("Shaikh"), Julian Guttierez-Molina ("Guttierez-Molina"), Theodor Voorstad ("Voorstad"), and the Pennsylvania Department of Corrections ("DOC"). (Doc. 1, at 2-3). Additionally, Plaintiff specifies that there are John Doe and Jane Doe Defendants who "were at all relevant times health-care professionals who treated residents of SCI Camp Hill." (Doc. 1, at 2). The Court refers to Shaikh, Guttierez-Molina, Voorstad, and the Doe Defendants, collectively, as the "Medical Defendants." Hardy's original Complaint arises from the medical treatment he received at SCI-Camp Hill for his diabetes and his partially amputated right leg. (Doc. 1, at 3-8).

On November 12, 2018, the Medical Defendants filed a Motion to Dismiss for Failure to State a Claim or in the Alternative for Summary Judgment, and on November 26, 2018, the DOC filed a Motion for Summary Judgment. (Doc. 15; Doc. 24). Both motions argued that Hardy failed to exhaust his administrative remedies and that his Complaint should be dismissed. (Doc. 15, at 2, 4; Doc. 24, at 2). This Court granted the Defendants' motions and dismissed Hardy's complaint on April 19, 2019. (Doc. 47)

On April 23, 2019, Hardy filed a notice of appeal and the Third Circuit subsequently reversed this Court's decision, finding that Hardy had exhausted his administrative remedies. (Doc. 48; Doc. 51). The Third Circuit issued a certified judgment remanding Hardy's Complaint to this Court on June 11, 2020. (Doc. 52-1; Doc. 52-2).

On August 8, 2020, Hardy filed the Motion. (Doc. 61). In the Motion, Hardy alleges that he has experienced taunting, disciplinary action, and health-threatening actions in retaliation for the present litigation. (Doc. 61-2, at 2). Hardy adds "Rottman (first name unknown)," a health-care professional employed by Wellpath, LLC; Wellpath, LLC ("Wellpath"), the private healthcare company which contracts with the DOC to provide medical services at its facilities; Jason Berfield ("Berfield"), a Lieutenant employed by SCI-Camp Hill; Zimmerman, a Sergeant employed by SCI-Camp Hill; Karen Wadley ("Wadley"), a nurse employed by Wellpath who provides nursing services to inmates at SCI-Camp Hill; "Laura (last name unknown)," a physician's assistant employed by Wellpath who provides medical services to inmates at SCI-Camp Hill; Benning ("CO Benning"), a Corrections Officer employed by SCI-Camp Hill; and J. Schneck ("Schneck"), a hearing officer employed by SCI-Camp Hill. (Doc. 61-2, at 3-5). Hardy also clarifies that at all times relevant to the Complaint, Shaikh, Guttierez-Molina, and Voorstad were employed by Wellpath. (Doc. 61-2, at 3).

All parties have fully briefed the Motion and it is now ripe for disposition. (Doc. 62; Doc. 63; Doc. 66).

**II.   DISCUSSION**

Hardy, through the Motion, attempts to both amend and supplement the original Complaint. A supplemental pleading "refers to events that occurred after the original pleading was filed," as opposed to an amended complaint which "covers matters that occurred before the filing of the original pleading but were overlooked at the time." *Owens-Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1188-89 (3d Cir. 1979); *see also* Wright and Miller's *Fed. Prac. & Proc. Civ.* § 1504 (3d ed.) ("[Supplemental pleadings] deal with events subsequent to the

pleading to be altered and represent additions to or continuations of the earlier pleadings."). At this stage of the litigation, Hardy is not entitled to amendment as a matter of course, thus, absent the opposing party's written consent, the court's leave is required for him to amend. Fed. R. Civ. P. 15(a). Absent the opposing party's written consent, the court's leave is always required for supplemental pleadings. Fed. R. Civ. P. 15(d). Defendants in this matter have not consented to either Hardy's proposed amendment nor supplement, so the court's leave is needed for both. Fed. R. Civ. P. 15(a)(d).

Decisions regarding motions to amend and supplement pleadings are committed to the court's broad discretion and will not be disturbed absent an abuse of that discretion. *See Owens–Illinois, Inc.,* 610 F.2d at 1188–89; *see also Burns v. Exxon Corp.,* 158 F.3d 336, 344 (5th Cir. 1998) (holding that district court did not abuse its discretion in denying leave to file supplemental complaint). That discretion is guided by an animating principle embodied by Rule 15: that leave should be freely given when justice so requires. *See Foman v. Davis,* 371 U.S. 178, 182 (1962) ("[T]his mandate is to be heeded."). Consistent with the Rule's liberal approach, leave to file an amended or supplemental complaint should be freely permitted in the absence of undue delay, bad faith, dilatory tactics, undue prejudice to defendants, repeated failures to correct deficiencies with previous amendments, or futility, and, when presented with a supplemental pleading, "where the supplemental facts are connected to the original pleading." *Hassoun v. Cimmino,* 126 F.2d 353, 361 (D.N.J. 2000) (citing *Quaratino v. Tiffany & Co.,* 71 F.3d 58, 66 (2d Cir. 1995)); *Victor v. Varano*, No. 3:11-CV-891, 2012 WL 2367095, at *5 (M.D. Pa. June 21, 2012) (citations omitted); *Riley v. Taylor,* 62 F.3d 86, 90 (3d Cir. 1995).

Rule 15(d) specifically addresses the submission of supplemental pleadings. It provides that, upon motion of a party, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Notably, "[b]ecause it refers to events that occurred after the...pleading was filed, a supplemental pleading differs from an amendment [under Rule 15(a)], which covers matters that occurred before the filing of the...pleading but were overlooked at the time." *Owens-Illinois, Inc.*, 610 F.2d at 1888. Indeed, "[t]he purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the...pleadings are filed." *Green v. Nish*, No. 1:12-CV-0321, 2012 WL 5509785, at *3 (M.D. Pa. Oct. 10, 2012), *report and recommendation adopted,* No. 1:12-CV-321, 2012 WL 5508488 (M.D. Pa. Nov. 14, 2012) (quotation omitted).

Hardy's proposed amended complaint makes wording changes, particularizes facts, and adds facts, claims, and defendants. (Doc. 61-2). The Medical Defendants challenge the Motion on the grounds that it attempts to add claims which are barred by the statute of limitations, attempts to add Wellpath "by citing only to a vague notion of a 'policy' of cost containment," and includes allegations which are too undefined to warrant consideration. (Doc. 63, at 1-2). The DOC also avers that the statute of limitations bars Hardy's new claims. (Doc. 66, at 6-8). The new claims and defendants do not relate back to the original Complaint and timely imputed notice should not be inferred, according to the DOC. (Doc. 66, at 8-10).

None of Hardy's proposed changes are barred by the statute of limitations. "A party who sues on a cause of action tolls the statute of limitations during the entire prosecution of the action, including the prosecution of any appeal; otherwise, a plaintiff could not count on

an appeal to protect his or her rights." *Taylor v. United Parcel Service, Inc.*, 554 F.3d 510, 517 (5th Cir. 2008). Similarly, the Southern District of New York has held that "it seems entirely fair to extend the tolling during the period in which an appeal was actually pursued. The proposed intervenor cannot be reasonably charged with sleeping on her rights by awaiting the decision on appeal." *Level I Sportswear, Inc. v. Chaikin*, 662 F.Supp. 535, 539-40 (S.D.N.Y. 1987).

It is not disputed that the applicable limitations period on Hardy's claims is two years. (Doc. 63, at 4; Doc. 66, at 7; Doc. 67, at 4-5). The earliest additions or modifications to Hardy's proposed amended complaint occurred in December 2017, when Hardy was treated by PA Laura, whom he now seeks to name as a Defendant. (Doc. 61-3, ¶ 28(d)). From December 1, 2017, until April 19, 2019, the date of this Court's Order of dismissal, this Court held jurisdiction to consider any proposed amendments and the limitations period accrued. This accrual was 504 days. From April 19, 2019, until June 11, 2020, this matter was not before this Court; from April 23, 2019, until June 11, 2020, the case was on appeal before the Third Circuit Court of Appeals. During this time, Hardy was not able to make the proposed additions or modifications, and so the statute of limitations period was tolled. *See Taylor*, 554 F.3d at 517; *Level I Sportswear, Inc.*, 662 F.Supp. at 539-40. From June 11, 2020, when this matter was reopened in this Court, to the filing of the Motion on August 8, 2020, 58 days accrued. The total amount of days of accrual during which Hardy could have presented his additions or modifications to this Court is 504 plus 58, resulting in a sum of 562. Two calendar years is made up of 730 days, thus Hardy's additions or modifications are not precluded by the statute of limitations.

A. MOTION TO AMEND

Hardy's attempt to make changes relating to allegations which occurred before the original Complaint was filed shall be considered a motion to amend. *See Owens–Illinois, Inc.,* 610 F.2d at 1188–89. The contested portions of Hardy's proposed amended complaint which occurred before the original Complaint was filed include: the actions of PA Laura (Doc. 1, ¶ 21(d); Doc. 61-3, ¶ 28(d)); Defendants Wellpath's and the DOC's medical treatment and conditions being compromised in favor of cost containment (Doc. 1, ¶¶ 11-23; Doc. 61-3, ¶¶ 32-45); and a claim against Wellpath for violating the Americans with Disabilities Act due to its failure to make reasonable accommodations for Hardy including additional allegations of failures regarding handicap-accessible shower and toilet facilities, deprivation of recreation time, and meals Hardy was served (Doc. 1, ¶ 27; Doc. 61-3, ¶ 49).

1. **PA Laura**

Hardy seeks to add PA Laura, whose last name is currently unknown, as a defendant to this action. (Doc. 1, at 2; Doc. 61-3, ¶ 13). In the proposed amended complaint, Hardy alleges that around December 2017, PA Laura responded to a sick call due to Hardy's ulcerated stump bleeding and causing pain. (Doc. 61-3, ¶ 28(d)). PA Laura allegedly "declined to treat or even examine Mr. Hardy's leg." (Doc. 61-3, ¶ 28(d)). Instead, she told Hardy, "You're a prisoner and you have no rights." (Doc. 61-3, ¶ 28(d)). In the original Complaint, though she was not a named defendant, Hardy alleged that on December 27, 2017, "At sick call, PA Laura refused to examine Mr. Hardy's leg which had been causing him pain. Defendant Laura declined to treat or even examine Mr. Hardy's leg." (Doc. 1, ¶ 21(c)(d)).

In considering the posture and circumstances of this case, justice is served by allowing Hardy to add PA Laura as a Defendant in this case. First, the general presumption is that

parties should be granted leave to amend their pleadings. *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984). Second, this matter is still at the pre-discovery stage; amended pleadings are not due until February 10, 2021. (Doc. 59). As such, resulting prejudice is minimal. Finally, PA Laura was included in Hardy's original Complaint, with allegations of similar illegal conduct pertaining to her. (Doc. 1, ¶ 21(d)). Hardy even referred to her as "Defendant Laura" in the allegations, despite the fact that he did not name her as a defendant in that pleading. (Doc. 1, ¶ 21(d)). These factors, along with the Court's determination that the Motion does not fall outside the applicable statute of limitations, demand a conclusion that Hardy be permitted to add PA Laura as a Defendant to this action.

### 2. Wellpath and DOC

Hardy seeks to amend Count I of his Complaint to add a *Monell* claim against Wellpath (which he seeks to add as a defendant) and the DOC, and to add Wellpath to his Americans With Disabilities Act Claim under Count II. (Doc. 1, ¶¶ 24-25; Doc. 61-3, ¶¶ 32-50). Medical Defendants assert that this should not be allowed because Hardy "cit[es] only to a vague notion of a 'policy' of cost-containment, citing to news articles which have no relevance or relationship whatsoever to the instant case." (Doc. 63, at 1).

The proposed amendments relating to Wellpath and the DOC are permitted at this time. Medical Defendants challenge the Count I amendment on grounds of futility.[1] (Doc. 63, at 1). However, the claim as pleaded is viable. A municipality or other local government entity may be liable under § 1983 when execution of its policy or custom inflicts a violation of a constitutional right. *Monell v. New York City Dept. of Social Serv.*, 436 U.S. 658, 694, 98

---

[1] Medical Defendants do not argue against Wellpath's addition to Count II. (Doc. 63).

S.Ct. 2018, 56 L.Ed.2d 611 (1978). To establish liability under *Monell*, a plaintiff must identify the challenged policy or custom, attribute it to the municipality itself, and establish "a causal link" between the policy or custom and the constitutional injury alleged. *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984). "Policy is made when 'a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' 'issues an official proclamation, policy, or edict.'" *Andrews v. City of Philadelphia*, 895 F. 2d 1469, 1480 (3d Cir. 1990) (alteration in original). A custom is made when the practices of state officials, though not authorized by law, are "so permanent and well settled" as to have the effect of law. *Andrews*, 895 F.2d at 1480. This liability extends to private corporations, such as Wellpath. *Natale*, 318 F.3d at 583.

Hardy's proposed claim is that Wellpath makes medical decisions with economic profits in mind and that expensive actions can lead to employees' terminations. (Doc. 61-3, ¶¶ 34-35). If true, this could be an unconstitutional practice. *See Natale v. Camden County Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003) ("We have also found deliberate indifference in situations where 'necessary medical treatment is delayed for non-medical reasons.'") (quoting *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)). Hardy attributes this policy to Wellpath itself, and states that it was the cause of his medical treatment being compromised.[2] (Doc. 61-3, ¶¶ 34-35, 41). Thus, Hardy's proposed amended complaint lays out a valid *Monell* claim against Wellpath.[3] *See Losch*, 736 F.2d at

---

[2] The detrimental effects of such compromise are laid out in paragraphs 23-31 of the proposed amended complaint. (Doc. 61-3, ¶¶ 23-31).

[3] Furthermore, the addition of Wellpath satisfies the Permissive Joinder of Parties standard laid out by Federal Rule of Civil Procedure 20, which dictates that a right to relief

910. The DOC, being "mutually responsible for adopting, implementing and enforcing policies and procedures for medical care," is also alleged to have compromised Hardy's medical treatment in order to contain costs. (Doc. 61-3, ¶¶ 9, 41).

Since amended pleadings are not yet due in this matter, the prejudicial effects of allowing this claim are minimal. (Doc. 59). The added claims are meritorious, and the presumption is to allow amendment. *Boileau*, 730 F.2d at 938. As such, Hardy's proposed amendments to Counts I and II and his addition of Wellpath as a Defendant are granted. *See B.S. by Burston v. York County*, 2019 WL 3288047, at *4-7 (M.D. Pa. 2019) (allowing amendment to add *Monell* claim and an additional defendant).

    B. MOTION TO SUPPLEMENT

Proposed changes which arise from alleged conduct occurring after the original Complaint was filed are considered a proposed supplement to the original Complaint. *Owens-Illinois, Inc.,* 610 F.2d at 1888. Hardy's proposed supplemental allegations begin in December 2018, with a third amputation to remove additional bone from his right leg and to scrape an infection. (Doc. 61-3, ¶ 28(r)). Hardy proceeds to allege unsanitary conditions and unprofessional treatment at SCI-Camp Hill. (Doc. 61-3, ¶ 28(s-t)). Hardy's proposed amended complaint alleges that he was transferred to SCI-Coal Township in March 2020, where the failure to adequately treat him continued. (Doc. 61-3, ¶¶ 29-31). Hardy also adds a claim of retaliation arising from statements, unwanted touching, disciplinary action, denial of medical care, and stealing his food. (Doc. 61-3, ¶¶ 56-109). These actions allegedly were in retaliation for Hardy filing the instant lawsuit, as well as internal complaints and grievances. (Doc. 61-

---

must arise out of the same transaction, occurrence, or series of transactions or occurrences; and that common questions of law or fact exist as to all defendants. Fed. R. Civ. P. 20(a).

3, ¶¶ 57-58, 108). Finally, Hardy seeks to supplement his claim for Infliction of Emotional Distress to add facts occurring after he filed his original Complaint. (Doc. 61-3, ¶¶ 110-113).

The DOC states that the additional facts "differ in time and type from those set forth in the original pleading, and as such, the amendment should be denied." (Doc. 66, at 7). Decisions regarding motions to amend and supplement pleadings – both governed under Federal Rule of Civil Procedure 15 – are committed to a court's broad discretion. *See Owens-Illinois, Inc.*, 610 F.2d at 1188-89. That discretion is guided by a central principle of Rule 15, namely: that leave should be freely given when justice so requires. *See Foman,* 371 U.S. at 182. Consistent with Rule 15's liberal approach, "[l]eave to file a supplemental complaint should be freely permitted in the absence of undue delay, bad faith, dilatory tactics, undue prejudice to defendants, or futility, and when the supplemental facts are connected to the original pleading." *Hassoun,* 126 F.2d at 361.

Here, the factors of undue delay, bad faith, dilatory tactics, undue prejudice, and futility all weigh in favor of Hardy. Amended pleadings are due on February 10, 2021, so the Motion is timely and not prejudicial to Defendants. Hardy has not engaged in dilatory tactics and Defendants do not contest the merits of the additional claims. (Doc. 63; Doc. 66). Furthermore, the details of the claims may be further narrowed in discovery. As for the supplemental facts' connections to the original pleading, this, too, allows for the supplement to be permitted. Hardy may supplement his complaint by adding claims of retaliation for instituting the original lawsuit. *See United States ex rel. Ratchford v. Jeffes,* 451 F.Supp. 675, 677-79 (E.D. Pa. 1978) (allowing a plaintiff to supplement his complaint with a retaliation claim for filing the original lawsuit, adding eight additional defendants). The additional allegations relating to Hardy's medical care bear strong resemblance to the claims in the original

Complaint and involve identical issues of law, so shall be permitted. (Doc. 61-3, ¶¶ 30-31). Reasons for not permitting leave to supplement are not present here. *See Hassoun,* 126 F.2d at 361; *Ratchford*, 451 F.Supp. 677-79. Therefore, Hardy's retaliation claim, additional medical allegations, and the resulting addition of new defendants is allowed.

Hardy's remaining proposed modifications to the original Complaint are uncontested. (Doc. 61-2; Doc. 63; Doc. 66). These changes and additions serve to add further detail and clarification to the original allegations and claims. (Doc. 61-2). In the interest of justice, Hardy is permitted to make such changes. As such, Hardy's Motion is granted in its entirety.

### III. CONCLUSION

For the foregoing reasons, Hardy's Motion to Amend (Doc. 61) is **GRANTED**. Additionally, Plaintiff's uncontested First Motion for Extension of Time (Doc. 71) is **GRANTED**.

An appropriate Order will follow.

BY THE COURT:

Dated: February 8, 2021

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**