UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN PATRICK HARDY,

             Plaintiff,

    v.

ARIF SHAIKH, et al.,

             Defendants.

CIVIL ACTION NO. 1:18-CV-01707

(MEHALCHICK, M.J.)

**MEMORANDUM**

Presently before the Court is a motion to dismiss filed by Defendants Julian Guttierez-Molina, Laura Dame, Zachary Rottmann, Arif Shaikh, Theodor Voorstad, and Wellpath, LLC (collectively "Wellpath Defendants"); a motion to amend/correct filed by Plaintiff Steven Patrick Hardy ("Hardy"); and a motion to disqualify Judge Karoline Mehalchick filed by Hardy. (Doc. 102; Doc. 115; Doc. 125). The incidents giving rise to the claims in Hardy's original complaint occurred at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"), located in Cumberland County, Pennsylvania. (Doc. 1, at 2; Doc. 74, at 3). Hardy's acting amended complaint presents claims against Defendants Timothy Benning, Jason Berfield, Pennsylvania Department of Corrections ("DOC"), Karen Wadley, Derrick Zimmerman (collectively "DOC Defendants"), and the Wellpath Defendants (collectively "Defendants").[1] (Doc. 74).

---

[1] On April 29, 2021, the parties stipulated to the dismissal of J. Schneck, which the Court granted on April 30, 2021. (Doc. 106; Doc. 107).

## I.   BACKGROUND AND PROCEDURAL HISTORY

On August 28, 2018, Hardy initiated this action by filing a complaint alleging claims pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331, 1343(a)(3), 1343(a)(4), and 1367(a). (Doc. 1, at 2). On November 12, 2018, Defendants Gutierrez-Molina, Voorstad, and Shaikh filed a motion to dismiss. (Doc. 15). Hardy filed a motion for temporary restraining order and preliminary injunction on November 16, 2018. (Doc. 17). On November 26, 2018, Defendant DOC filed a motion for summary judgment alleging that Hardy had failed to exhaust his administrative remedies. (Doc. 24). Following the complete briefing of the motions, on April 19, 2019, the Court granted DOC Defendant's motion for summary judgment and Defendants Guttierez-Molina, Voorstad, and Shaikh's motion to dismiss and denied Hardy's motion for temporary restraining order and preliminary injunction. (Doc. 47).  Hardy filed a notice of appeal on April 23, 2019, and the Third Circuit reversed the Court's previous decision on May 20, 2020. (Doc. 48; Doc. 51). On August 8, 2020, Hardy filed his first motion to amend which the Court granted on February 8, 2021. (Doc. 61; Doc. 72).

Hardy's amended complaint arises from the medical treatment he received at SCI-Camp Hill for his diabetes and his partially amputated right leg. (Doc. 1, at 3-8). Hardy alleges claims of deliberate indifference to a serious medical need in violation of the Eighth and Fourteenth Amendments; failure to accommodate Hardy's disability under the Americans with Disabilities Act ("ADA"); medical negligence; retaliation; intentional infliction of emotional distress; assault and battery; and civil conspiracy. (Doc. 74, at 14-28). In his proposed second amended complaint, Hardy seeks to add claims alleging that the DOC's lack of training and insufficient policies and procedures resulted in a violation of Hardy's constitutional rights. (Doc. 116, at 10; Doc. 116-1, at 15-19, 27-29). To adequately do so,

Hardy also attempts to add new defendants to the proceedings. (Doc. 116, at 11; Doc. 116-1, at 3-5).

Wellpath Defendants filed their motion to dismiss on April 12, 2021, alleging that Hardy failed to exhaust his administrative remedies regarding some of his claims and that some of his claims are time-barred by the statute of limitations. (Doc. 102; Doc. 103, at 8, 22), Additionally, Wellpath Defendants argue that Hardy has not stated a claim under Title II of the ADA or the First Amendment and that Hardy has failed to allege a claim against them for intentional infliction of emotional distress or civil conspiracy; and that some of Hardy's claims are time-barred by the statute of limitations. (Doc. 103, at 14, 16, 19, 21).

Additionally, Hardy filed a motion to disqualify Judge Karoline Mehalchick on November 5, 2021, in which he alleges that the undersigned presents a bias in favor of the Defendants. (Doc. 125, at 4).

The motions have been fully briefed and are now ripe for disposition. (Doc. 102; Doc. 103; Doc. 108; Doc. 109; Doc. 115; Doc. 116; Doc. 121; Doc. 122; Doc. 123; Doc. 124; Doc. 125; Doc. 126).

## II.   MOTION TO DISQUALIFY JUDGE

Under 28 U.S.C. § 455, a judge is required to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned, . . . or [w]here [s]he has a personal bias or prejudice concerning a party." *Culver v. Specter*, 1:11-CV-02205, 2013 WL 5488532, at *3 (M.D. Pa. Sept. 30, 2013); *citing* 28 U.S.C. § 455(a) and 28 U.S.C. § 455(b)(1). The test for recusal under § 455(a) is an objective test and requires recusal where a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.,* 368 F.3d 289, 301 (3d Cir. 2004). "'Extrajudicial

bias' refers to a bias that is not derived from the evidence or conduct of the parties that the judge observes in the course of proceedings." *Johnson v. Trueblood*, 629 F.2d 287, 291 (3d Cir. 1980); *see also United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."); *United States v. Gilboy*, 162 F. Supp. 384, 393–94 (M.D. Pa. 1958) (alleged bias must be personal and extrajudicial, not arising solely on the basis of court proceedings). Further, "a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) (*citing In re TMI Litig.*, 193 F.3d 613, 728 (3d Cir.1999)); *see also Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990); *Waris v. Heartlean Home Healthcare Services, Inc.,* 365 F. App'x 402, 406–07 (3d Cir. 2010).

In assessing recusal requests, courts must remain mindful that, in the hands of some unscrupulous advocates, a recusal motion may simply be a calculated tactical tool designed to avoid or overturn the result which the law dictates in a case. Thus, "the court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings." *Conklin v. Warrington Twp.,* 476 F. Supp. 2d 458, 462-64 (M.D. Pa. 2007); *see also Lease v. Fishel*, 712 F. Supp. 2d 359, 373-74 (M.D. Pa. 2010). Judged against these standards, Hardy's recusal request, which is based in part upon his dissatisfaction with the Court's rulings on discovery issues, rulings on motions to extend time, and the length of time taken to rule on several motions, simply provides no grounds for recusal and will be denied.

Hardy contends that the undersigned's conduct, taken as a whole, "portend[s] a real favoritism towards the Defendants, their Counsel[,] and a bias against Plaintiff." (Doc. 126,

- 4 -

at 4). Hardy submits that the undersigned and Defense Counsel engaged in *ex parte* conversations and that Defense Counsel "brought a bag of bird seed to Judge Mehalchick." (Doc. 126, at 4). First, "[t]he so-called *ex parte* contact" between the undersigned and Defense counsel does not support recusal. (Doc. 126, at 4); *see Allen v. Parkland Sch. Dist.*, 230 F. App'x 189, 193 (3d Cir. 2007). During a deposition, Defense Counsel called the Court's chambers to resolve a dispute that arose during the deposition. At the beginning of the call, Defense Counsel instructed the Court's chambers on what the call was about, and the undersigned's staff proceeded to locate her after which Defense Counsel provided her with the information for her to join the video call deposition. "There is no evidence that [the undersigned] discussed anything about the case with the attorney or anything else improper" and Hardy's allegation does not require recusal. *See Allen*, 230 F. App'x at 193. Second, Hardy's insinuation that the undersigned was given a gift of birdseed by Defense Counsel is misguided. The undersigned has never received a bag of birdseed from Defense Counsel and Defense Counsel's commentary regarding birdseed was a joke about his accidental placement of birdseed in his jacket pocket during a conference that occurred prior and in a separate case. Thus, Hardy's assertion that the undersigned has been given a gift of birdseed by Defense Counsel wholly unfounded and does not require recusal.

Third, Hardy takes issue with the undersigned's timeliness and rulings in the case at hand. Hardy postures that the undersigned does not timely address his motions as she does when Defendants file a motion, and that the undersigned's delay has caused "a ripple effect" in matters of discovery. (Doc. 126, at 4-5). Hardy also is concerned with the undersigned's ruling on discovery issues and alleges an unfair bias favoring Defendants' requests. (Doc. 126, at 5-6). Additionally, Hardy is troubled with the undersigned's granting of his extension of

time in excess of his request due to Defense Counsel's maternity leave. (Doc. 126, at 6-7). "[A] party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm,* 224 F.3d at 278. Additionally, an allegation of bias meriting recusal, "must stem from a source outside of the official proceedings." *Liteky v. United States,* 510 U.S. 540, 554. (1994); *see also Selkridge v. United of Omaha Life Ins. Co.,* 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). As Hardy takes issue with the undersigned's orders on matters of discovery and extensions of time in this case, he fails to allege any bias warranting recusal.

Hardy fails to point to any action or ruling that illustrates a deep-seated and unequivocal antagonism towards Hardy. "A reasonable person with knowledge of the facts would not conclude that [the undersigned's] impartiality could reasonably be questioned." *Allen*, 203 F. App'x at 193. As such, Hardy's failure to provide any evidence of extrajudicial bias is fatal to his recusal claim. For these reasons, the Court will deny Hardy's motion to disqualify Judge Karoline Mehalchick. (Doc. 125).

III.   **MOTION TO AMEND/CORRECT**

Hardy seeks to amend his amended complaint filed on February 8, 2021. (Doc. 115; Doc. 74). Rule 15 of the Federal Rules of Civil Procedure governs motions to amend a complaint. Rule 15 provides for three ways by which a plaintiff may potentially amend a complaint: (1) as a matter of course; (2) with the opposing party's written consent; or (3) by leave of court. Fed. R. Civ. P. 15. At this stage of the litigation, Hardy is not entitled to amendment as a matter of course, thus, absent the opposing party's written consent, the Court's leave is required for him to amend. Fed. R. Civ. P. 15(a). Defendants in this matter have not consented to Hardy's proposed amendment, so Hardy requires the Court's leave to

amend his amended complaint. Fed. R. Civ. P. 15(a); (Doc. 115). Additionally, when addressing a motion to amend that was filed after the Court imposed deadline, the Court must assess whether the party seeking amendment has demonstrated "good cause" per Federal Rule of Civil Procedure 16(b)(4). *See Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020).

Before a Court can address a proposed amendment, it must determine whether the party seeking amendment has "demonstrate[d] 'good cause' for its failure to comply with the scheduling order." *Price v. Trans Union, LLC,* 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010). "'Good cause' under Rule 16(b) focuses on the diligence of the party seeking the modification of the scheduling order." *Price*, 737 F. Supp. 2d at 279 (citing Fed. R. Civ. P. 16, Advisory Committee Note (1983) ("the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension")); *see also Chancellor v. Pottsgrove Sch. Dist.,* 501 F. Supp. 2d 695, 701 (E.D. Pa. 2007) (citing *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir. 2002)) (holding that Rule 16(b)'s "good cause" standard focuses on a party's diligence); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."). Thus, a moving party must demonstrate diligence and need not establish prejudice to the non-moving party as is required by Federal Rule of Civil Procedure 15(a). *See ICU Medical, Inc. v. RyMed Tech., Inc.*, 674 F. Supp. 2d 574, 577-78 (D.Del. Dec. 16, 2009).

Decisions regarding motions to amend are committed to the court's broad discretion and will not be disturbed absent an abuse of that discretion. That discretion is guided by an animating principle embodied by Rule 15: that leave should be freely given when justice so

requires. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'"). Consistent with the Rule's liberal approach, leave to file an amended complaint should be freely permitted in the absence of undue delay, bad faith, dilatory tactics, undue prejudice to defendants, repeated failures to correct deficiencies with previous amendments, or futility. *Riley v. Taylor*, 62 F.3d 86, 90 (3d Cir. 1995).

Hardy's proposed amended complaint attempts to add additional defendants that are allegedly responsible for the creation or implementation of policies, procedures, and customs that contributed to violations against his constitutional rights and makes corrections to the names of the previously named Defendants. (Doc. 116, at 10; Doc. 116-1, at 1, 4-6, 15-19, 27-29). Hardy seeks to include DOC officials John Wetzel, Tammy Ferguson, Laurel Harry, Thomas McGinley, and Robert Marsh along with Wellpath's Regional Director, Andrew Dancha. (Doc. 116, at 11; Doc. 116-1, at 3-5). Hardy contends that after discovery, he believes "that various policies, procedures[,] and customs exist throughout DOC, generally, and [SCI-Camp Hill] and [State Correctional Institution at Coal Township], particularly, which reflect a reckless indifference to the likelihood that inmates' constitutional rights will be violated." (Doc. 115, at 3). Hardy explains that "[t]he current Defendants are not responsible for the creation or implementation of policies, procedures[,] and customs" and seeks to add the additional defendants. (Doc. 115, at 3).

The DOC Defendants oppose Hardy's motion to amend, stating that the deadline to add new parties has passed and that Hardy has failed to demonstrate good cause. (Doc. 121, at 4-7). Additionally, Defendants argue that amendment would be futile because the claims Hardy seeks to add fail to state a claim upon which relief may be granted. (Doc. 121, at 8).

Specifically, the DOC Defendants state that inmates, including Hardy, have no "rights to a specific grievance procedure, or any other policy, procedure, or contract between the DOC and a third party." (Doc. 121, at 8-9). The DOC Defendants also contend that the statute of limitations bars Hardy's claims and that his proposed defendants lack the requisite personal involvement. (Doc. 121, at 9-12). Additionally, the Wellpath Defendants argue that the addition of Andrew Dancha would not "add anything to the case" and draw concern that Hardy's amendment would prompt another motion to dismiss when one is currently pending on the docket. (Doc. 122, at 2; Doc. 102).

In considering the posture and circumstances of this case, justice is served by allowing Hardy to add the Defendants and associated policy claims. First, Hardy has demonstrated good cause in his desire to amend his pleadings. "[T]he good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party." *ICU Medical*, 674 F. Supp. 2d at 577-78. Hardy has been diligently engaging in discovery and alleges that he "learned during discovery that many of the violations against him are due to the DOC's lack of staff training and defective policies and procedures." (Doc. 116, at 10). As such, Hardy did not possess the facts to draft his claims before the deadline had passed. *Cf. Dimensional Comm., Inc. v. OZ Optics, Ltd.*, 148 F. App'x 82, 85 (3d Cir. 2005). Because he learned the facts pertaining to his proposed claims upon discovery, Hardy has demonstrated good cause to amend his complaint. *See ICU Medical*, 674 F. Supp. 2d at 578. Second, the general presumption is that parties should be granted leave to amend their pleadings. *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984). Third, this matter is in the discovery stage with the discovery due by June 30, 2022, and motions due by August 30, 2022. (Doc. 119).Fourth, Hardy's allegations of defective policies and procedures are not futile. Hardy

alleges that various DOC policies demonstrate Defendants' deliberate indifference to a serious medical need in violation of the Eighth and Fourteenth Amendments, violate his rights under the ADA, and lead to retaliatory conduct from which he has suffered. (Doc. 116-1, at 15-19, 27-29). Additionally, Hardy seeks to add the defendants who would necessarily be responsible for the crafting and implementation of such policies. The Third Circuit has found that alleging that a prison's policy constituted delay in medical treatment is enough to allege a claim for deliberate indifference to a serious medical need. *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003). As such, Hardy's proposed claims and corresponding defendants provide the necessary requisite for such a claim.[2] (Doc. 116-1, at 3-5, 15-19, 27-29)

Since the case is still in the stage of discovery, the prejudicial effects of allowing this claim are minimal.[3] (Doc. 119). The added claims are meritorious, and the presumption is to allow amendment. *Boileau*, 730 F.2d at 938. As such, Hardy's proposed amendments to Counts I, II, and IV and the addition of Defendants John Wetzel, Tammy Ferguson, Laurel Harry, Robert Marsh, Thomas McGinley, and Andrew Dancha are granted. *See Mullin v. Balicki*, 875 F.3d 140, 152 (3d Cir. 2017) (remanding Magistrate Judge's decision to not permit amendment of a complaint adding claims regarding prison policies and procedures). In the

---

[2] Furthermore, the addition of the proposed defendants satisfies the Permissive Joinder of Parties standard laid out by Federal Rule of Civil Procedure 20, which dictates that a right to relief must arise out of the same transaction, occurrence, or series of transactions or occurrences; and that common questions of law or fact exist as to all defendants. Fed. R. Civ. P. 20(a). Additionally, Hardy's proposed amendment "relates back to the date of the original pleading" because it "asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(B).

[3] The Court notes that this is Hardy's second amended complaint. The amending of the complaint, yet again, by Hardy, delays the resolution of this matter. However, as stated herein, the Court finds minimal prejudice to *any party* in allowing this amendment.

interest of justice, Hardy is permitted to make such changes. As such, Hardy's motion to amend shall be GRANTED.[4] (Doc. 115).

### IV.   CONCLUSION

For the foregoing reasons, Hardy's Motion to Disqualify Judge Karoline Mehalchick is **DENIED**. (Doc. 125). Hardy's Motion to Amend (Doc. 115) is **GRANTED**. Wellpath Defendants' Motion to Dismiss is **STRUCK** as moot. (Doc. 102).

An appropriate Order follows.

                                        **BY THE COURT:**


**Dated: December 16, 2021**            s/ Karoline Mehalchick
                                        **KAROLINE MEHALCHICK**
                                        **Chief United States Magistrate Judge**

---

[4] The granting of Hardy's motion to amend renders Wellpath Defendants' motion to dismiss related to the amended complaint moot. (Doc. 102; Doc. 74). As such, Wellpath Defendants' motion to dismiss shall be STRUCK as moot. (Doc. 102).